Case number 24-5033, Marsha Weldon Yee v. Pamela Bondi, Attorney General of the United States. Ms. Yee for the appellant and Ms. Tan for the athlete. Good morning, Ms. Yee. Good morning. I come before the court today to ask it to correct the mistakes of the district court. For example, the district court declined to apply the binding precedent set out by this court in Chambers, which changed the adverse action standard for discrimination claims. Instead, the court continued to apply the objectively tangible harm standard to those claims, and not only that, ignored certain allegations in its analysis. In addition, I ask the court to clarify not only to explicitly hold that disparate work assignments can constitute an adverse action for the purposes of a discrimination claim, but also to clarify for myself and other litigants how that kind of claim should be pled. There are district courts that have held, for example, I believe I cited specifically a decision by Judge Cooper that essentially said that kind of claim cannot be pled as a hostile work environment claim. And I believe that in Bain, Judge Moss said essentially a similar, something to the similar effect, that they're essentially discreet acts and they're not subject to a continuing violation. They don't constitute a hostile work environment. And in this case, the district court also rejected the continuing violation theory, which I asked the court to rule upon. As I have argued, a hostile work environment is not the only kind of continuing violation that is permissible in an employment discrimination case. It is merely an example of a continuing violation. And I base that argument on Morgan, which describes a continuing violation, although it terms a continuing violation as a hostile work environment. In addition, I asked the court to review the operative complaint closely and to come to the determination that they did in fact state claims for discrimination and retaliation claims. A very common way for employees to allege that they were discriminated against is to provide allegations regarding comparators. But that is not the only way that an employment discrimination plaintiff can show that the employer discriminated against him or her. Pretext is another way. Ms. Yee, what's your best evidence that the allegedly adverse employment actions were motivated by anti-discrimination? At the motion to dismiss stage or at the pleading stage, I'm not required to provide evidence. I'm merely required to provide... What are your allegations? I... It depends on the time period. But, for example, for the 2020 time period, when one supervisor was the exclusive reviewer, I attach an exhibit showing his e-mail, and I included the allegations in a version of a proposed amended complaint to the effect that he assigned me more cases than my alleged white male comparators. Multiple times more cases. And he brushed it off. He brushed it off. And are you alleging that it's because you're a woman or because... Like, what's your allegation? It's because I'm a woman, because I'm Asian, and because I am over the age of 40. Those comparators at that point in time had the same number of years of experience, at least, as in AUSA, handling these kinds of cases, and... Some of them were over 40, right? The one who was over 40 had left by that point. Well, actually, I'm not entirely certain of their ages in 2020 as opposed to in 2026. So... And some of the ones who got fewer assignments had less experience than you, right? Three of them. Depends on what you're looking at. Are you looking at the number of years of experience as an attorney or the number of years of experience handling certain kinds of cases? I did not have previous experience handling certain kinds of cases, which I laid out in a paragraph, which the district court seemed to have overlooked. I did not handle any federal employment discrimination cases. I had not previously handled any APA cases. I did not previously handled CMS or FOIA cases. These are the kinds of cases that others already had experience handling from previously being in AUSA in another district, that's Cohen, or previously practicing in this district that I know of, Walker. There are two other alleged comparators that I know less about in terms of their previous experience, but I am aware that they previously practiced in this district. I guess what I'm trying to drive at is if your allegations of discrimination, they have to be plausible. And just saying, well, I'm a woman and they're not, so it must be discrimination, or I'm over 40 and they're not, must be discrimination. I'm Asian and they're not, must be discrimination. I don't think that we've ever held that just alleging that your race or gender or age is different than comparators is enough to get you over the Iqbal-Tuamly line, have we? Well, I'm relying on, I may be mispronouncing it, Swieritz specifically in terms of there are certain things that at the pleading, the pleading stage is different from the summary judgment phase or the trial phase. My burden is much lighter at the pleading stage. To withstand a motion to dismiss, I don't have to provide all the details that the district judge claimed that I needed to provide. I don't need to provide the number of cases or the types of cases that they had. Her focus was on everything that was wrong instead of seeing. I provided a comparator who had more experience than I did as an attorney as an AUSA. I provided examples of attorneys who are younger than me, who by that point in time had at least the same experience handling cases. I mean, I think the basic premise would be that if an attorney comes in with a certain amount of experience, that he or she will always have to do more work than someone who came in with less experience. I guess the other premise, and this is the other thing that the district court said in the ruling, is that all cases aren't created equal. Right? And so if all you have is a bare allegation that I had 10 cases and my colleagues had 7 cases, that could mean that you have more work than they do. But it could mean that you don't because those 7 cases collectively or even one of them could be some huge burden dog of a case that if you put it all together, there isn't really kind of disparate work. And so I guess like not really knowing that or not having any specific allegations about that, how is a district court to judge whether it's plausible that there is really kind of an adverse action or an inference of discrimination? Well, the e-mail did provide, which I incorporated into a version of a proposed complaint, did provide specific allegations. Which proposed complaint are you talking about? Are you talking about the third amended complaint? I mean, what's before us are the original complaint and the first amended complaint. And I don't think that appeals properly before us on whether you should have been able to amend further. I'm sorry. What is the specific situation you were asking about that which version it was in? Yeah. Was that in the original complaint or the first amendment complaint or what was that in? I don't think it was in the original complaint. But it was also, I mean, this information was also in one of my exhibits, which the court appeared to ignore altogether. Let me see if I can find it in the third proposed complaint. It might be in the second one as well, but I didn't include that one. Oh, here. So appendix 122 to 123 in paragraphs 53 and 54 sets out more specific information about the number of cases that were assigned to me during the specific period. During certain specific periods. Oh, it's 54 specifically that I was talking about. Oh, no. No. 54 is part of that period. But paragraph 62 on A125 is the paragraph I was referring to where I said that Van Horn sent me an email admitting he assigned more new cases to me, including more employment discrimination cases, more FOIA cases, and more immigration cases than he assigned to the three alleged comparators. Okay. I believe that's all in the proposed third amended complaint. It was also what you're citing from A121 and 23. I'm not sure whether I included it in the second proposed amended complaint, and I don't have it in front of me. But I also did provide this information to the court as part of the original briefing. I believe I attached it to the reply. Maybe it was combined reply. I don't remember the titles at this point of these various documents, but I did have an exhibit. I did have an exhibit which attached the email where Van Horn admitted the information that's set out in paragraph 62. So there are different periods at issue. I think the district court focused mainly on the allegations about the cases that were assigned on day one to me versus two of the alleged comparators. Since we started on the same day, he had a choice of three attorneys or EOSAs to assign this work to. And somehow he managed to assign, from what I could tell, cases from other white men. And it is his belief that white men are the stronger attorneys that I was getting the harder cases. And I believe I also added specific or tried to add specific allegations about or information about those cases based on information that I had gleaned from CourtLink, which is a publicly available information. I don't know when cases were assigned based on the information at CourtLink, but you would expect that over time the numbers would even out. Perhaps if a supervisor is assigning six employment discrimination cases at a time, you wouldn't necessarily expect each AUSA in, say, a division that has around 38 line attorneys. Or, no, it was much lower. I think it was around 20 line attorneys would each get a case at that time. But over the course of a year or two years, you should expect the numbers to even out. Okay. You're over time. If you want to take 30 seconds or so to wrap up, or I don't know if there's any other points you didn't get to that you want to make, I'll give you 30 seconds to take those. Okay. Thank you. There were many points that I wanted to get to that I didn't actually make. But I also want to say that it is a question of law or a mistake of law for the district court to have held that I could not post complaint, amend, or supplement the complaint, and that I had completed the OSC process. Putting aside for now whether exhaustion is actually required, that is a judge-created, this court created that obligation. It is not set out in statute. So that dismissal, any dismissal of such a claim based on exhaustion has to be done under Rule 12b-6, not Rule 12b-1. Thank you. Good morning, Ms. Tan. Good morning, Your Honors, and may it please the court, Caroline Tan for the government. So I wanted to start with the underlying factual predicate that led to Missy's five-day suspension. There is no dispute that Missy misrepresented opposing counsel's position in a court filing and included opposing counsel's signature block over opposing counsel's repeated and clear objections. The full exchange is in pages 82 to 83 of the supplemental appendix, and I think that exchange speaks for itself in explaining why Missy got the particular discipline that she did. As Your Honors' questions earlier sort of noted, the easiest way to resolve this case is to affirm because she hasn't pled sufficient facts linking her asserted employment harms and her protected characteristics. Unless there are further questions, we are happy to rest on our briefing. I have a question about the district court's dismissal of her due process claim with prejudice. My understanding is that the district court dismissed that claim because she had failed to exhaust her administrative remedies. But I think that that was error to dismiss it with prejudice because she eventually did complete the exhaustion of her administrative remedies. And so she should have been able at that point, should she not, to file a new complaint or amend her complaint to say, now I've exhausted here my due process claim. So at the point the district court decided the motion to amend the complaint, it was reviewing her first proposed amended complaint, which had not alleged exhaustion of her particular remedies. At that point. No, I understand that. So I think it was properly dismissed, but shouldn't have been dismissed without prejudice. There was an eight-month period, Your Honor, between when she asserts that the OFC process had completed and when the district court did, in fact, resolve her original first proposed amended complaint. But as a matter of law, isn't it error to dismiss that charge with prejudice? I think it would have been a different matter, Your Honor, if she had asserted in the complaint before the district court that she had already finished her particular exhaustion of her remedies.  She hadn't done that.  Why does it depend on what you assert in your complaint? If it's something that can be cured, it should be dismissed without prejudice. I think at the time, I mean, again, the district court did not know that she had completed. No, I understand that. I'm just saying as a matter of law, do you agree that the law says that in a situation like this, you should dismiss without prejudice? I do think it would have been better for the district court to use the terms without prejudice. I will say, though, that But as a matter of law, she was required to, was she not? Well, I think at the time, the district court didn't think that she had exhausted. No, but divorced from the facts. If there's a motion to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies, that is properly dismissed if you haven't exhausted, but it should be dismissed without prejudice. Yes or no? I want to say yes, but I want to qualify that by saying that the district court can also consider whether or not the amendments would be futile. And in this case, they would be because her due process claim is meritless, which is plain from the face of the pleadings. How can she do that when she has no subject matter jurisdiction? She's just saying you're not exhausted. I'm not looking at this. I mean, the district court's opinion did say that it would be futile to make any of her proposed changes. No, I don't think that she can do that if she has no subject matter jurisdiction. She has no subject matter jurisdiction. Can she go to the merits and say that this is futile? She can say, I mean, I agree with you that it would have been a lot better to say without prejudice. I do think, however, this court can affirm based on anything supported by the record, and her due process claims are plainly meritless for a number of reasons. Are you proposing that we make that judgment without remanding for the district court to look at it first? I think that you can do so. And I think that that's because her only argument is that there's been a change in legal standard, and that's plainly disputed by the record. In pages 2 of the supplemental appendix and pages 85. So I guess I would just say factually the district court has not passed on her due process claim because so far all it has done is said you haven't exhausted, dismissed. That's all she's done. So she has not looked at the substance or the merits of the due process claim, correct? Correct. The district court has not reached the merits. So why would we remand for the district court to do that first? Because the fact that she has exhausted the OFC process was not before the district court and is not part of its decision. That's not what I'm asking you. I'm saying now that she has exhausted it and she has a right to have that due process claim looked at on the merits, which has not happened yet, why would we do it first instead of having the district court do it first? I think that Missy has an obligation to diligently prosecute her own case to the extent she wanted to add the fact that she had exhausted the administrative process. She was not diligent in seeking specific relief. She did not attach a motion to her proposed second amendment complaint saying, hey, you know, by the way, I've now finished this particular process. She sat on that particular filing for eight months. She could have checked the docket to see whether the court had received it. I'm not sure what you're arguing now, Miss Tan. Are you saying that as a sanction for that we should not, we instead of the district court should address the merits of a claim that hasn't been addressed yet? No, I'm saying that to the extent she wanted to include this additional fact, she had an obligation to bring it before the district court. She did not. So the district court correctly adjudicated. I guess my question to you is just who should decide this in the first instance, us or the district court? I think you should affirm the district court's judgment on all grounds, including the due process grounds, in part because you can't affirm the judgment on any grounds supported by the record and you can look, you know, her only argument about due process. I guess my last question is just as a procedural matter, if there's a matter that has not yet been addressed on the merits at all, under what circumstances should the court of appeals decide that without letting the district court decide it first? Because we review judgments of the district court and the district court hasn't rendered a judgment on the merits of this claim. I mean, you could if you would like, Romandy, but I would submit that Romandy would be futile because her due process claim is plainly meritless. She got a ton of process. She had, you know, 26 pages of response to the original disciplinary proposal. That actually resulted in a shorter suspension than what had been originally proposed. Both sides have briefed the merits of the issue, and there would be no further factual disputes to develop at the district court stage. You know, we have everything we need at this point. Her only argument about due process is that the relevant decision makers changed the standard between the original proposed recommendation and the ultimately imposed recommendation, but pages 2 and 85 of the supplemental appendix show that that's not true. In both cases, the relevant decision makers applied D.C. Rule of Professional Conduct 8.4C, and that was consistent, and after she, you know, she got this extensive process to contest every stage of this particular disciplinary proceeding, and when it was all over, her suspension was actually reduced from 10 days to five. So if the court has no further questions, we'd ask that you affirm. I have a question on chambers and the kind of disparate work assignment theory of adverse action. Is it your position that a disparate work assignment can never be an adverse action on a discrimination case? That is not our position, Your Honor. We're not asking this court to resolve that particular question today. We think the much cleaner path is to just say that she has not pled a sufficient causal nexus between her protected characteristics and her asserted harms. Thank you. Thank you. All right. Ms. Yee, you were out of time, but I'll give you two minutes for rebuttal. Thank you, Your Honor. It is a clear question of law that if a court does not have subject matter jurisdiction over a claim, it cannot dismiss it with prejudice. That's North American butterfly versus wolf, and I included this citation in my papers. So the court who had at least 10 years of experience as a federal district judge at the time this case landed on her desk knew or should have known that she could not dismiss the case or a claim specifically with prejudice where she concluded that she didn't have subject matter jurisdiction. In addition, with respect to the causality or inference of causation more accurately, I think, I refer the court to the arguments in my paper which laid out in much more detail why I believe that the district court erred in its causation analysis. There are more ways to, in essence, the district court ignored my allegations of pretext because it mistakenly believed that it could not consider pretext until the summary judgment stage. As laid out in my papers, in fact, this court has recognized that pretext can be used at the pleading level or the pleading stage to support an inference of discrimination or retaliation. I appreciate the opportunity to appear before the court. Thank you. The case is submitted.
judges: Wilkins; Pan; Randolph